UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RECCO D. VAN** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | No. 3:10-0925 |
| ] | Judge Campbell |
| **SONYA TROUTT, et al.** ] | |
|     **Defendants.** ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Sonya Troutt, Administrator of the Sumner County Jail, and Sunny Weatherford, Sheriff of Sumner County, seeking damages.

In April, 2010, the plaintiff slipped and fell in a puddle of water on the floor of the jail. As a result of the fall, he injured his back. The plaintiff was taken to the jail infirmary and was given medication for his discomfort.

Liberally construing the complaint, it appears that the plaintiff is alleging that the defendants were negligent for allowing a puddle of water to form on the floor of the jail. It further appears that the plaintiff believes that he did not receive adequate medical care for his back injury. Finally, the plaintiff complains that he has been kept in segregated confinement in

violation of his right to due process.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In essence, the plaintiff claims that his back injury was a result of the defendants' negligence. Negligent conduct, however, does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff's injury, while it may in fact have been caused by the defendants' negligence, is not actionable under § 1983.

The plaintiff also questions the adequacy of the care he received for his back injury. When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Here, the plaintiff admits that he was taken to the jail infirmary and given medication for his discomfort. Perhaps the medical staff misdiagnosed the extent of his injury. But medical malpractice does

not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra*. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

The plaintiff complains that he has been kept in segregated confinement for 77 days in violation of his right to due process. For several years, it was well settled that an inmate facing the possibility of segregated confinement was entitled to a certain degree of procedural and substantive due process. Wolff v. McDonnell, 418 U.S. 539 (1974). This process included advance written notice of the charge, a hearing to resolve the charge during which the accused may present documentary evidence and call witnesses, and a written statement from the fact-finder describing the evidence relied upon and the reasons for the segregated confinement.

The Supreme Court, however, has changed the methodology used to determine whether an inmate has a liberty interest worthy of due process protection. *See* Sandin v. Conner, 515 U.S. 472 (1995). Federal courts are no longer required to examine the language of prison regulations to ascertain whether substantive restrictions have been placed upon the discretion of prison officials. Rather, our inquiry now focuses on whether the imposition of a particular disciplinary sanction "presents the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id*.

The <u>Sandin</u> opinion reaffirmed that when segregated confinement directly affects the length of a prisoner's incarceration, the prisoner has an inherent liberty interest subject to the due process safeguards announced in <u>Wolff</u>, *supra*. But when the segregated confinement does not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life", the due process described in <u>Wolff</u> does not apply. <u>Sandin</u>, *supra*.

After <u>Sandin</u>, mere confinement to segregation, whether it be punitive or administrative in nature, does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life". <u>Ishaaq v. Compton</u>, 900 F.Supp. 935, 939 (W.D. Tenn.1995). Therefore, plaintiff's segregated confinement, standing alone, does not create the type of hardship sufficient to trigger due process protection. Moreover, there is nothing in the complaint to suggest that the plaintiff's continued presence in segregated confinement directly affects the length of his incarceration. As a consequence, the plaintiff has failed to state a claim arising from the Due Process Clause.

The plaintiff has failed to demonstrate conduct rising to the level of a constitutional violation. In the absence of a constitutional violation, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to *sua sponte* dismiss the complaint. 28 U.S.C. § 1915(e)(2).

Accordingly, an appropriate order will be entered dismissing this action.

_____
Todd Campbell
United States District Judge